**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| M. Christine BredenKoetter, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11-cv-6 RWS |
| | ) |
| City of Florissant, Missouri, a municipal corporation; | ) |
| | ) |
| Philip E. Lum, individually and in his official capacity | ) |
| as building commissioner for the City of | ) |
| Florissant, Missouri; and | ) |
| | ) |
| Thomas P. Schneider, in his official capacity as mayor | ) |
| of the City of Florissant, Missouri; | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

### INTRODUCTION

1.      M. Christine BredenKoetter (hereinafter "Plaintiff") is a resident of the City of

Florissant (hereinafter "Florissant"), who wishes to re-engage in political speech by placing a

yard sign advocating for a new mayor in her front yard.  When she did so in the past, she was

threatened with citation for violation of a City ordinance and seizure of her sign.  In this case, she

challenges the ordinance under the First and Fourteenth Amendments to the Constitution of the

United States because it is a content-based restriction on speech that is not narrowly drawn to

achieve a compelling government interest.[1]  The ordinance discriminates against signs bearing

political speech by placing time, durational, size, and numerical limitations that are more

restrictive than those for signs containing non-political speech.  The ordinance also discriminates

---

[1]      All references in this Amended Complaint are to the version of the ordinance in effect on January
3, 2011, when Plaintiff filed this action.

1

by allowing the Mayor unbridled discretion to remove political yard signs --but not any other type of sign-- without any due process or recourse.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and E.D. Mo. L.R. 2.07(A)(1) because Defendants are located in St. Louis County, Missouri.

## PLAINTIFF AND HER SPEECH

4.      Plaintiff is a resident of Florissant, Missouri.

5.      Plaintiff and her husband, Andrew Podleski, jointly own a home located on St. Catherine Street, Florissant, Missouri.

6.      On or about November 14, 2010, she placed a sign outside their residence that read, "Elect Andrew Podleski Mayor."

7.      Plaintiff placed the sign in her yard in response to the incumbent mayor's re-election announcement and accompanying political statements that she viewed as critical of her husband, Andrew Podleski.

## DEFENDANTS AND THEIR RESPONSE TO PLAINTIFF'S SPEECH

8.      Defendant City of Florissant, Missouri, is a municipal corporation and a political subdivision of the State of Missouri.

9.      Defendant Philip E. Lum is Building Commissioner for Florissant, Missouri.  He is being sued in his individual and official capacities.

10.     Defendant Thomas P. Schneider is the mayor of Florissant, Missouri.  He is sued in his official capacity only.

11.     At times relevant to the events described herein, Robert G. Lowery, Sr. was mayor of Florissant, Missouri.

12.     At all relevant times, Defendants and their officers and agents were acting under color of state law.

13.     On or about November 19, 2010, Plaintiff's husband, with whom she jointly owns their home, received a letter from Defendant Lum, dated November 16, 2010, regarding Plaintiff's sign.

14.     A true and correct copy of the letter is attached hereto as Exhibit A and incorporated herein by reference.

15.     The letter stated:

>  We are writing to inform you of an illegal political sign on your
>  property.  Such a sign is deemed illegal if it appears *"no sooner
>  than thirty (30) days before the election and must be removed 10
>  days after the election",* under the City Code, Section 520.020, see
>  attached.  Please remove the illegal sign(s) immediately.  Failure to
>  remove the sign within 10 days will result in removal of the sign
>  by the City and/or further action against you.  Attached is a picture
>  of the illegal sign.

16.     With his letter Defendant Lum included a photo of the offending political sign (Ex. A – page 2) and an excerpt from Florissant City Code § 520.020 (Ex A. page 3).

17.      The excerpt from the Code stated:

>  CHAPTER NOT APPLICABLE TO CERTAIN SIGNS.  The
>  following classes of signs shall be exempt from the provisions of
>  the Chapter relating to registration, payment of permit fees,
>  structural requirements ad annual inspection fees; but such
>  exemption shall not be construed so as to relieve the owner of the
>  sign from responsibility for its erection and maintenance in a safe
>  matter:

> 5.  Signs of political parties, issues and candidates seeking public office provided such signs do not exceed four (4) square feet when placed in any area which has been zoned and developed "R-1" through "R-6", and "HR", "HD" and "HMD and, provided further that such signs do not exceed sixteen (16) square feet when placed in zoning district "B-1" through "B-5", "HB", "M1", "M2" and "M3".  All such political signs wherever located shall be erected no sooner than thirty (30) days before the election and removed within ten (10) days after the election to which they applied.  Any political sign erected contrary to the provisions of this Section may be immediately removed at the direction of the Mayor of the City of Florissant.  Signs herein referred to shall be limited to two (2) such signs per candidate per lot.

18.     A true and correct of § 520.020 in effect on January 3, 2011, is attached hereto as Exhibit B and incorporated herein by reference.

19.      Section 520.020 exempts some signs and provides different, and in most cases less onerous, restrictions on signs with different content than political signs.  For example:

   a)  Only "political sign[s] erected contrary to the provisions of [§ 520.020] may be immediately removed at the direction of the Mayor of the City of Florissant" and no other signs with non-political content.

   b)  Sections 520.020.3 – 4 exempt informational signs at churches and signs of "charitable, benevolent, religious associations or fraternal or non-profit associations" -

   520.020.3.    Signs erected on church property giving the name of the church, the time of services and similar information;

   520.020.4.    Signs of charitable, benevolent, religious associations or fraternal or non-profit associations;

c) Section 520.020.8 exempts "[m]emorial signs or tablets, names of buildings and the date of erection when cut into any masonry surface or when constructed of bronze or any other incombustible materials".

d) Section 520.020.9 exempts ""[s]igns and special decorative displays used for the Valley of Flowers Festival, special events, holidays, public demonstrations or promotion of civic welfare or charitable purposes, when authorized by the Mayor or City Council".

e) Section 520.020.11 exempts "for sale sign[s] located within the confines of one (1) motor vehicle which is legally parked in accordance with the ordinances of the City on an improved parking area in a residential district, provided that such motor vehicle shall be the property of the owner or occupant of the residential property" [one sign per vehicle].

f) Section 520.020.13 exempts "Christmas tree signage as authorized under Section 605.070…"

g) Sections 520.020.1.a -b. has different restrictions for "sale, rental, or lease" signs

520.020.1.a.     All signs in a residential district not exceeding six (6) square feet in area advertising the sale, rental or lease of real estate when offered for sale, rental or lease by the individual owner of the property or by a real estate business and located upon the property to which such signs refer.  Such signs shall not be a hazard to traffic safety.  Such signs shall be affixed to a post in the ground or the wall so advertised.  Such signs containing the words "sold" shall be removed within (10) days after the sale, rental or lease of such property.  Only one (1) sign shall be allowed

per lot or building except for corner lots or lots in which the front and

back face different streets where there shall be two (2) such signs

permitted, one (1) on each side of the property;

520.020.b.    All signs in zoning districts "H-B" and "B-1" through "M-3"

not exceeding sixteen (16) square feet in an area advertising the sale,

rental or lease of real estate when offered for sale, rental or lease by the

individual owner of the property or by a real estate business and located

upon the property to which such signs refer.  Such signs shall not be a

hazard to traffic safety.  Such signs shall be affixed to a post in the ground

or the wall so advertised.  Such signs containing the words "sold" shall be

removed within ten (10) days after the sale, rental or lease of such

property.  Only one (1) sign shall be allowed per lot or building except for

corner lots, where there shall be two (2) such signs permitted, one (1) on

each side of the property;

h)  Sections 520.020.1.c., 520.020.2, and 520.020.14  have different restrictions for

commercial signs:

520.020.c.    In the "HB" zoning district, on-site single- and double-sided

portable "A" frame signs and pedestal signs shall be allowed, provided

that:

(1)    Such signs shall not exceed twelve (12) square feet per side in area

and only advertise the products or services of the business at the site;

(2)    There shall be a clear passage of three (3) feet between any sign and

the curb of the street;

(3)     Such signs shall not be located in any required parking space, any parking lot drive or in any location that interferes with traffic;

(4)     Such signs shall be removed upon the daily close of the business and at all times when the business is closed, but at no time shall the signs be displayed between the hours of 10:00 P.M. and 6:00 A.M.;

(5)     Only one (1) sign shall be allowed per business with a maximum of two (2) signs per building;

(6)     Such signs shall not be attached in any manner to any trees, bushes, shrubs or other vegetation but may be placed upon lawn areas or ground covered by ground cover or among flowers;

(7)     Such signs shall be maintained in a good state of repair and all parts and supports of such signs, unless the same are galvanized or otherwise treated to prevent rust, shall be painted or otherwise treated so as to avoid a state of disrepair or to be unsightly by reason of need of paint or by partial destruction or dilapidated condition thereof;

(8)     Such signs shall not be illuminated;

(9)     Such signs shall comply with all the provisions of Article II, "H" Historic District (Old Town Area), of this Chapter unless the provisions of this Section are stricter or more stringent, in which case the stricter or more stringent provisions shall apply;

(10) Such signs shall comply with all of the other provisions of the Code of Ordinances in addition to those set forth herein.

7

520.020.2.    Signs advertising the name of the merchant and his/her

business, when painted upon the windows of such establishment;

520.020.14.    Upon application to the Building Commissioner a permit

shall be issued for commercial banners, pennants, balloons, signs, flags

and displays for the limited purpose of announcing the grand opening of a

business, provided that such displays shall not exceed seven (7) days and

for the limited purpose of announcing the annual anniversary date of the

opening of a business, provided that such displays shall not exceed four

(4) days.

i)   Section 520.020.10 has different standards for signs "denoting the architect,

engineer and contractors when placed upon work under construction" (i.e., "not

exceeding thirty-two (32) square feet in area.  Such signs shall be removed within

ten (10) days after the completion of such construction");

j)   Section 520.020.12 has different standards for "garage sale" signs:

One (1) sign located on the property where the garage sale is held and no

more than two (2) other signs providing the address of the property,

directional information and the name of the person(s) conducting the

garage sale provided that such signs shall not exceed six (6) square feet in

area advertising a garage sale that has been duly authorized under Section

405.085(A)(12) of the Zoning Code or any other districts which authorize

such sales.  Such signs shall only be displayed on the day of the authorized

garage sale, and permission must be obtained from the property owners of

locations where sign(s) are displayed.  All signs must be removed by 5:00

8

P.M. on the date of the garage sale.  Any person who fails to comply with
the provisions and regulations set forth herein will be subject to the
penalties as provided in Section 100.080 of the Code of Ordinances,
provided that any fine shall not exceed thirty dollars ($30.00) and, upon
conviction, shall be prohibited from obtaining a garage sale permit for a
period of two (2) years from the date of such conviction.

20.    Fearing involuntary removal and seizure of her sign by Florissant and fearing
legal action being taken against her, Plaintiff removed the sign from her yard on or about
November 21, 2010.

21.    Plaintiff desires to return the sign to her yard, but fears doing so will subject the
sign to involuntary removal and seizure by Florissant.  She also fears prosecution and is aware
that at least one individual has received a summons for having a political sign in her yard.

22.    Plaintiff plan to place more political signs for a single candidate than permitted by
the ordinance, but she has refrained from doing so because she fears prosecution, removal of the
signs by the mayor, or both.

## COUNT I

*Section 520.020 is Unconstitutional Under the*
*First and Fourteenth Amendments*

23.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the
foregoing paragraphs of this Complaint as fully set forth herein.

24.    Section 520.020  is a content-based restriction on speech that places greater
restrictions on Plaintiff's political speech than on other types of speech and that is not narrowly
drawn to achieve a compelling government interest.

25.    Section 520.020 discriminates against signs bearing political speech by placing

9

time, durational, size, and numerical limitations on them that are more restrictive than for signs containing non-political speech.  In addition, § 520.020 discriminates by allowing the mayor discretion to remove political yard signs—but not any other type of sign—without any due process or recourse.

26.     Plaintiff would currently express her political views by placing in her yard the sign she placed on or about November 14, 2010, and other similar signs, but for the fear of being prosecuted for constitutionally protected activities, having her sign confiscated, or both because of § 520.020.

WHEREFORE, the Plaintiff prays this Court:

A.     Enter declaratory judgment finding the time, durational, size, and numerical limitations and enforcement mechanism of § 520.020.5 unconstitutional;

B.     Issue appropriate preliminary and permanent injunctions to prevent the future deprivation of Plaintiff's constitutional rights;

C.     Award Plaintiff nominal damages for the deprivation of her constitutional rights during the period in which her constitutionally protected speech was chilled because of § 520.020;

D.     Award Plaintiff's costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988; and

E.     Allow such other and further relief to which Plaintiff might be entitled.

Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION OF
  EASTERN MISSOURI


/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
FAX: (314) 652-3112
tony@aclu-em.org
grant@aclu-em.org

***ATTORNEYS FOR PLAINTIFF***

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was posted to CM/ECF on August 17, 2011, and therefore

served on counsel of record.

/s/ Anthony E. Rothert