UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M. CHRISTINE BREDENKOETTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV6 RWS |
| ) | |
| CITY OF FLORISSANT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff M. Christine BredenKoetter placed a political sign on her front lawn.  An official for Defendant City of Florissant sent Bredenkoetter's husband a letter stating that the sign should be removed because it violated a city ordinance.  BredenKoetter removed the sign and filed this lawsuit.  She asserts that the city ordinance is a content-based restriction on speech in violation of the First and Fourteenth Amendments to the Constitution of the United States.  She seeks a declaratory judgment that the ordinance is unconstitutional and requests a permanent injunction to bar future enforcement of the ordinance.  In response to this lawsuit, the City repealed the ordinance.  Both parties have moved for summary judgment.  The City asserts that the relief BredenKoetter sought is moot based on the repeal of the ordinance.  Because the relief BredenKoetter seeks is now moot as a matter of law, I will grant Defendants' motion for summary judgment.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Lynn v. Deaconess Medical Center,

160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)).  The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof.  Id. at 324.  In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy.  Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Background*

Plaintiff BredenKoetter is resident of Florissant, Missouri.  Her husband is Andrew Podleski.  At the time of the incidents that gave rise to this lawsuit, Podleski was a member of the Florissant City Council.  (Docket # 40 Pl.'s Memo. in Opp. Ex. 6-B)  On November 14, 2010, BredenKoetter placed a sign on her lawn which read "Elect Andrew Podleski Mayor."  She "placed the sign in her yard in response to the incumbent mayor's election announcement and accompanying political statements that she viewed as critical of her husband, Andrew Podleski." (Am. Compl. ¶ 7)  On November 19, 2010, Podleski received a letter from the City's building commissioner, Defendant Philip Lum.  The letter stated that the sign violated Florissant's City code, section 520.020 because the sign was placed in the yard more than thirty days before the mayoral election.  The letter also stated that if the sign was not removed "further action" would be taken.  (Doc. # 35 Pl.'s Stat. of Facts at 2)  To avoid a citation, BredenKoetter removed the

sign on November 21, 2010.

In her amended complaint BredenKoetter asserts that section 520.020(5) of Florissant's sign ordinance[1] violated her First Amendment rights by placing limitations on political signs that do not apply to non-political signs.  That section of the code prohibits the placement of political signs more that thirty days before an election and allows the Mayor to order the removal of any sign which violates the ordinance.  She asserts that Florissant's ordinance "discriminates by allowing the Mayor unbridled discretion to remove political yard signs – but not any other type of sign  -- without any due process or recourse." (Am. Compl. at ¶ 1)   She sued the City of Florissant, the Mayor of Florissant, and Philip Lum, the City's building commissioner. BredenKoetter seeks a declaratory judgment that the limitations on political signs, imposed by City code section 520.020(5), are unconstitutional under the First and Fourteenth Amendment. She seeks a permanent injunction to prevent the future enforcement of the ordinance.  She also seeks nominal damages and attorney's fees.

On June 13, 2011, the City of Florissant passed Ordinance No. 7800 which repealed the section 520.020(5).  Ordinance No. 7800 contained a new section 520.020(5) which eliminated the restriction of time limits on political signs, eliminated the restriction on the number of signs per lot, eliminated the power of the mayor to control enforcement of the ordinance, and increased the size limit of political signs.  Even though the June 13, 2007 version of section 520.020(5) had been repealed, BredenKoetter filed her amended complaint on September 1, 2011, challenging the repealed section of the code.

---

[1] BredenKoetter's amended complaint states that all references to Florissant's ordinance at issue refers to "the ordinance in effect on January 3, 2011, when Plaintiff filed this action." That is the June 13, 2007 version of the ordinance.

Defendants have moved to dismiss BredenKoetter's claims for a declaratory judgment and for a permanent injunction. Defendant's assert these claims are moot based the repeal and amendment of section 520.020(5). Both parties have filed motions for summary judgment.

*Discussion*

BredenKoetter's amended complaint challenges the provisions of an ordinance that is no longer in force. She filed this lawsuit to challenge the section 520.020(5) of the June 13, 2007 version of the sign ordinance because it provided residents with a limited window of time to place election signs in their yards. In addition, BredenKoetter challenged the ordinance's grant of power to the mayor to enforce the ordinance. The former ordinance also limited the number of signs per lot.[2] BredenKoetter asserts that she wants to place political signs in her front yard but fears being "prosecuted for constitutionally protected activities." (Am. Compl. at ¶ 26) All of these restrictions were removed when section 520.020(5) was repealed and replaced on June 13, 2011.

As a result, BredenKoetter's claims for a declaratory judgment and for a permanent injunction are moot. See Powell v. McCormack, 395 U.S. 486, 496 (1969)(a case is moot when

---

[2] The current version of the ordinance limits the size of signs to six square feet in certain zoned areas and to sixteen square feet in other zones. There are no assertions in the amended complaint that BredenKoetter seeks to erect signs that are larger than these dimensions. Her amended complaint states that she wants to place "in her yard the sign she placed on or about November 14, 2010 and other similar signs." (Am. Compl. at ¶ 26) Her amended complaint is based on her challenge to the time restrictions and the mayor's role in sign enforcement. As part of her motion for summary judgment, BredenKoetter submitted a declaration in which she states she wants to place political signs that "do not comply with § 520.020(5)'s restrictions in terms of duration, size, and number on my property." Assuming without deciding that this declaration challenges the size limitation imposed by the June 13, 2007 version of the ordinance, the challenge to the size limitation is also moot because the size limits were increased under the June 13, 2011 amendment to the ordinance.

the issues presented are no longer 'live'). See also Rosenstiel v. Rodriguez, 101 F.3d 1544, 1548 (8th Cir. 1996)(an amendment to challenged policies can so change the nature of the dispute to make it moot); Epp v. Kerrey, 964 F.2d 754, 755 (8th Cir. 1992)(the repeal of a statute moots the challenge to the statute).

     BredenKoetter asserts that this case falls within an exception to the mootness doctrine as a case that would otherwise evade review.  There is not any evidence in this case that the City of Florissant intends to reenact the repealed ordinance.  To the contrary, the City repealed the challenged ordinance section in response to this lawsuit.  Nor is there any evidence that if Florissant reimposed the repealed ordinance such an action would evade review.  As a result, this matter does not fall into an exception to the mootness doctrine as a case that would evade review. See Epp, 964 F.2d at 755.

     In her motion for summary judgment, BredenKoetter seeks an award of nominal damages as a result of her having to take down her political sign under threat of an enforcement action under former section 520.020(5).  She also seeks attorney's fees.  BredenKoetter does not offer any evidence of what amount of nominal damages she seeks.  Nor is the request for attorney's fees ripe until the issue of whether and how much a nominal damages judgment should be awarded.  I will set a conference by a separate order to address an award of nominal damages and the availability of attorney's fees.

     Accordingly,

  **IT IS HEREBY ORDERED that** Defendant's motion for partial summary judgment on Plaintiff's claims for a declaratory judgment and for a permanent injunction [#31] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff's motion for summary judgment [#34] is **DENIED**.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2012.